PER CURIAM
The Department of Revenue petitions for writs of certiorari in these two consolidated cases, challenging orders by which the trial court granted the respondents’ motions for genetic testing to determine paternity, and directed the Department to arrange genetic tissue typing. In both cases the respondents had previously acknowledged paternity of children born out of wedlock, but later questioned their paternity in a legal proceeding and sought the genetic testing. The respondents testified at hearings on their motions, with the Department asserting that paternity could only be challenged on the basis of fraud, duress, or material mistake of fact as indicated in section 742.10(4), Florida Statutes. In seeking certiorari the Department argues that the testimony did not establish any of these statutory crite *722 ria. However, the court did not rule that any of these criteria were proved, and did not make any ruling as to the ultimate question of paternity. Rather, the court made findings based on the testimony, and .determined that the respondents had sufficiently raised the issue of fraud or material mistake. Because section 742.10(4) permits a paternity challenge on this basis, the Department has failed to show any clear departure from the essential requirements of law.
The petitions for writs of certiorari are denied.
ALLEN, LAWRENCE and BENTON, JJ., CONCUR.